PAUL K. CONNOLLY vs. DIVISION OF PUBLIC EMPLOYEE
RETIREMENT ADMINISTRATION & another.[1]

Suffolk. May 3, 1993. - July 13, 1993.

Present: LIACOS. C.J.. WILKINS. ABRAMS. NOLAN. & LYNCH. JJ

*Judge. Retirement. Public Employment*, Retirement.

Where a judge retired in 1976, pursuant to the mandate of art. 98 of the
   Amendments to the Constitution of the Commonwealth, and elected at
   that time the spousal survivor option available under then effective pro-
   visions of G. L. c. 32, § 65C, by which he received a reduced pension
   and his wife would receive two-thirds of that amount for life if she
   should survive him, the judge was not entitled to the benefit of St.
   1987, c. 697, § 100, amending § 65C to provide that a judge who
   elected the spousal survivor option would receive "a full retirement al-
   lowance" if his spouse should predecease him. [802-805]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on May 30, 1991.

The case was reported by *Greaney*, J.

*Damian R. LaPlaca* for the plaintiff.

*Beth D. Levi*, Assistant Attorney General, for the
Commonwealth.

WILKINS, J. The question before us is whether a judge
who, pursuant to the mandate of art. 98 of the Amendments
to the Constitution of the Commonwealth, was retired in
June, 1976, when he attained the age of seventy, is entitled
to the benefits of a 1987 change in the judicial pension law.
See St. 1987, c. 697, § 100, amending G. L. c. 32, § 65C,
effective January 12, 1988, pursuant to an emergency pream-
ble. We conclude that he is not. The case is here on a reser-

---

[1]Massachusetts Retirement Board.

vation and report by a single justice of this court on cross motions for summary judgment.

Judge Connolly was appointed presiding justice of the Second District Court of Eastern Middlesex County in December, 1952. He became an associate justice of the Superior Court in October, 1970. In June, 1976, on attaining the age of seventy, he was retired as required by the Constitution of the Commonwealth. At that time the judge elected the spousal survivor option available under G. L. c. 32, § 65C, as then amended, by which he would receive a reduced pension and his wife, Mary, would receive two-thirds of that lesser amount for life, if she should survive him. His salary at retirement was approximately $36,000, and his annual pension was $19,000 based on his election of the spousal survivor option. Mary Connolly died in 1985. Judge Connolly served as a recall justice from June, 1979, to June, 1990.

When, in 1976, Judge Connolly made his election under G. L. c. 32, § 65C, that section then provided, as it still does, that a judge's election must be filed at the time of his retirement or within thirty days thereafter. Section 65C further provided that, as a result of Judge Connolly's election, the actuarial equivalent of the value of his full pension was made available by providing him with a lesser pension for life with the right in his wife Mary to receive two-thirds of that lesser pension, if she should survive him.

The 1987 amendment to G. L. c. 32, § 65C, added a provision that, if after electing the spousal survivor option on retirement, a judge's then spouse were to die first, the judge should receive "a full retirement allowance."[2] This automatic

---

[2] The first sentence of § 65C now reads as follows (with the words added by the 1987 amendment in italics and those added by St. 1992, c. 133, § 359 in brackets): "A chief justice, justice, associate justice, judge, associate judge, or special justice, hereinafter in this section called judge, who is retired or who resigns and who is entitled to a pension or retirement allowance for life under the provisions of section sixty-five A, sixty-five B [,] sixty-five D [,sixty-five F, or sixty-five I] may elect to receive, in lieu thereof, a pension or retirement allowance for life at a lesser annual rate *with provision that upon his death, leaving as a survivor a surviving spouse who was his spouse at the time of his retirement or resignation,* two-thirds

increase in a judge's pension is colloquially described as a "pop-up," an analogy perhaps to a toaster (but not to the high parabolic flight of a struck baseball). The "pop-up" would not increase the value of any judicial pension because actuarial equivalency would have to be maintained. The result of the amendment is that a judge making the spousal election receives a somewhat reduced lesser pension (and any surviving spouse of such a judge would receive two-thirds of that reduced lesser pension) in order to reflect the possibility that the judge would be the survivor of the two and would be entitled to the "pop-up."

Judge Connolly argues that, although he retired and made his election before the 1987 amendment became effective, he is entitled to the "pop-up." His principal contention is that he is, within the words of § 65C, a judge "who is retired," and hence he, who elected the surviving spouse option years before, automatically qualifies for the "pop-up." This argument fails because the reference to a judge "who is retired" is not to a judge who is in retirement but rather to a judge at that moment when he or she is retired by operation of the constitutional mandate. Section 65C itself refers to such a judge as one who "was retired," not as one who retired. See G. L. c. 32, § 65C, fourth par. Other provisions in adjacent sections of G. L. c. 32 that use the word "retired" in reference to a judge make it clear that the reference is to a judge whose retirement was constitutionally forced. See G. L. c. 32, §§ 65A, first and third pars., 65B, first and second pars., 65D (c) (1) and (e) (1990 ed.). See also St. 1973, c. 1211, § 5. Each of these adjacent sections (§§ 65A, 65B, 65C, and 65D) appears in St. 1973, c. 1211, § 3, using the verb retired in a passive form. A word used in one part of a statute in a definite sense should be given the same meaning

---

of such pension or retirement allowance for life at a lesser annual rate shall be paid to such surviving spouse; *provided, however, that if such surviving spouse dies on or after the date such lesser retirement allowance becomes effective and before the death of such member, such member thereafter shall be paid a full retirement allowance.*" G. L. c. 32, § 65C (1990 ed. & Supp. 1992).

elsewhere in the statute, barring some plain contrary indication. *Plymouth County Nuclear Info. Comm., Inc.* v. *Energy Facilities Siting Council*, 374 Mass. 236, 240 (1978). Section 65C, as we have said, requires that the pension election be made on retirement or within thirty days thereafter. Section 65C deals thus with judges as they are retired or retire (or, as § 65C puts it, resign), not with judges who went through the process in the past.

The reduced pension payable to Judge Connolly when he made his election was calculated differently from the pension payable under § 65C with its new "pop-up." The absence of any legislative instruction as to what to do about this discrepancy, if the 1987 amendment were to apply to a judge in the position of Judge Connolly, supports the view that the "pop-up" was not intended to be available except to any judge who should be retired or should retire after the effective date of the 1987 amendment or within thirty days prior thereto.

The judge relies on the fact that for two other "pop-up" provisions inserted by the 1987 act (see St. 1987, c. 697, § 42, amending G. L. c. 32, § 12 [2] [c], and § 99, amending G. L. c. 32, § 58B), but not for the § 65C "pop-up" inserted by § 100, the Legislature expressly provided in § 135 of the act that the "pop-up" benefits would be available only pursuant to "applications for such benefits . . . made on or after the effective date of this act." St. 1987, c. 697, § 135.[3] The judge asks us to infer from the absence from § 135 of a reference to § 100 that his election of the spousal survivor option made at his retirement is sufficient to entitle a judge such as he to the benefits of the "pop-up."[4] Because under § 65C, both before and after the 1987 act, a judge's

---

[3]As an emergency law, the act was effective on its approval. See art. 48, The Referendum, II, as amended by art. 67, of the Amendments of the Constitution of the Commonwealth.

[4]Section 65C does not refer to or provide for applications for benefits as § 135 does. Nor do G. L. c. 32, §§ 65A, 65B, and 65D (1990 ed.). Judges are retired or retire without having to make applications for benefits. By contrast, the early retirement provision for judges in St. 1992, c. 133, § 34, specifically requires a judge seeking early retirement to apply for a pension.

election could not be made until retirement and had to be made within thirty days after retirement, no effective "application" to elect the spousal survivor option could be on file before January 12, 1988, from a judge retiring after that date. On the other hand, there could be such "applications" on file from the other potential "pop-up" recipients referred to in § 135 of the act, who are required to make their elections at or before the time of retirement. See G. L. c. 32, § 12 (1) (1990 ed.) (election of spousal survivor option may be made before retirement and changed up until filing of application for retirement); G. L. c. 32, § 58B (1990 ed.) (election of spousal survivor option must be made on or before application for retirement). Without their inclusion in § 135, it would be unclear whether these latter "pop-ups" applied to eligible recipients who made their "applications" for election before the effective date of the act but retired after that date. Since, as we have noted, retiring judges cannot "apply" for election of the spousal survivor option before retirement, there was no need for the act to make special provision for when the "pop-up" would apply to their elections. Because the only way that a retiring judge could make an election that included a "pop-up" was to do so both after the effective date of the act and after his or her retirement, the result that § 135 directed as to other "pop-ups" was to occur as to judges in any event. There was, therefore, no reason to refer to § 100 in § 135.

Finally, we see no merit to the judge's argument that, because he was serving on recall when the judicial "pop-up" provision was enacted, he is entitled to the benefit of the "pop-up." While he was on recall, the judge's pension was waived (see G. L. c. 32, § 90B [1990 ed.]; G. L. c. 211B, § 14 [c] [1990 ed.]), and he received a salary and benefits equal to those of a Superior Court judge (*id.*), except with respect to pension rights and obligations.[5] Once he ceased to

---

[5]Revisions to G. L. c. 211B, § 14 (*c*), and G. L. c. 32, § 65G (*c*), made by St. 1992, c. 133, § 552, changed this arrangement in a way that is not important to our analysis.

serve on recall, he commenced to receive the pension pay-
ments that he would have received if he had not served on
recall. G. L. c. 32, § 65G (*c*) (1990 ed.). There is no sugges-
tion in the relevant statutes that a recall judge automatically
obtains new pension options when he ceases to serve on
recall.[6]

Our opinion should not be viewed as an endorsement of a
pension system that leaves Judge Connolly after a long and
distinguished judicial career with a pension ravaged by infla-
tion. Summary judgment should be entered for the defend-
ants declaring that the Honorable Paul K. Connolly is not
entitled to the pension benefits provided in G. L. c. 32,
§ 65C, as amended by St. 1987, c. 697, § 100, but that he is
entitled to the pension benefits that were available and were
elected by him when he was retired by constitutional man-
date.

*So ordered.*

---

[6]This case does not present any claim of right based on G. L. c. 32,
§ 65D½ (1990 ed.).